**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

**CIVIL ACTION NO. 21-75-DLB**

**SHERI LYNN FREEMAN**                                                     **PLAINTIFF**

**v.**                         **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration**                               **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

      This matter is before the Court on Plaintiff Sheri Lynn Freeman's Motion for Summary Judgment (Doc. # 19), pursuant to 42 U.S.C. § 405(g), which allows Plaintiff to obtain judicial review of an administrative decision by the Commissioner of Social Security. Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, then filed a Cross Motion for Summary Judgment. (Doc. # 23). The Court, having reviewed the administrative record and the parties' motions, and for the reasons set forth herein, **affirms** the Commissioner's decision.

**I.**       **FACTUAL AND PROCEDURAL BACKGROUND**

      On January 20, 2017, Sheri Lynn Freeman filed an application for Disability Insurance Benefits under Title II of the Social Security Act, and Part A of Title XVIII of the Social Security Act, alleging disability as of June 22, 2016. (Tr. 174). Freeman was forty-six years old at the onset of the alleged disability that rendered her unable to work. (*Id.*). Freeman's application was denied initially on April 13, 2017 (Tr. 91-92), and again upon reconsideration on June 23, 2017 (Tr. 105-106). At Freeman's request (Tr. 119-120), an

1

administrative hearing was conducted, (Tr. 36-74), and on March 20, 2019, Administrative Law Judge ("ALJ") Christopher C. Sheppard found that Freeman was not disabled under the Social Security Act and therefore, not entitled to benefits. (Tr. 20-35). The ALJ's determination became the final decision of the Commissioner on March 31, 2020, when the Appeals Council denied Freeman's request for review. (Tr. 9-14).

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729-30 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *Id.* (citing *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Rather, the Court must affirm the Commissioner's decision as long as it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words, if supported by substantial evidence, the Commissioner's findings must be affirmed even if there is evidence favoring Plaintiff's side. *Id.*; *see also Listenbee v. Sec'y*

*of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). In determining whether the Commissioner's conclusion is supported by substantial evidence, courts "must examine the administrative record as a whole." *Cutlip*, 25 F.3d at 286.

### B. The ALJ's Determination

To determine disability, an ALJ conducts a five-step analysis. *Walters*, 127 F.3d at 529. Under Step One, the ALJ considers whether the claimant is engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. *See id.* (citing 20 C.F.R. § 404.1520). If at Step Four, the ALJ determines that the claimant can perform their past relevant work, the ALJ will find that the claimant is not disabled, so there is no need to proceed to Step Five. 20 C.F.R. § 404.1520(a)(4)(iv). The burden of proof rests with the claimant for Steps One through Four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). At Step Five, the burden of proof "shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity." *Id.* (citing *Bowen*, 482 U.S. at 146 n.5).

Here, at Step One, the ALJ found that Freeman had not engaged in substantial gainful activity since June 22, 2016, the onset date of Plaintiff's alleged disability. (Tr. 25). At Step Two, the ALJ determined that Freeman had the following severe impairments: spine disorder with remote history of Harrington rod posterior fusion, lupus,

3

and chronic obstructive pulmonary disease. (*Id.*). At Step Three, the ALJ determined that Freeman did not have any impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 27).

The ALJ then determined that Freeman possessed the residual functional capacity ("RFC") to perform "sedentary work" as defined in 20 C.F.R. § 404.1567(a), with the following exertional and non-exertional limitations:

> [C]an lift and carry ten pounds occasionally, less than ten pounds frequently; can sit for approximately six hours, but stand every 45 minutes for 1-2 minutes at a time while working; stand and/or walk for approximately two hours in an eight hour day with normal breaks; can push and pull as much as she can lift and carry; occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; can occasionally balance, stoop, kneel, crouch, and never crawl; should avoid unprotected heights and mechanical parts; should also avoid concentrated exposure to vibrations, temperature extremes, dust, odors, fumes and pulmonary irritants; can frequently handle, finger, and feel.

(Tr. 27).

The ALJ concluded at Step Four that Freeman was able to perform her past relevant work as an administrative assistant. (Tr. 30). Based on the opinion of a Vocational Expert, the ALJ determined that Freeman could perform the work of an administrative assistant because it only required sedentary exertion and therefore, Freeman could perform the work as generally performed. (*Id.*). Because the ALJ concluded Freeman could perform her past relevant work, Freeman was not disabled as defined by the Social Security Act at any time from June 22, 2016, through the date of the ALJ's decision. (*Id.*); *see also* 20 C.F.R. § 404.1520(a)(4)(iv) ("[i]f you can still do your past relevant work, [the ALJ] will find that you are not disabled.").

**C.     Analysis**

In Freeman's Memorandum in Support of her Motion for Summary Judgment, she makes one multi-faceted argument—that the ALJ's decision and determination of her RFC was not supported by substantial evidence in the record because "the ALJ did not adequately evaluate Plaintiff's complaints of pain and its effect on her ability to perform her highly skilled past work."  (Doc. # 20 at 3).

RFC refers to "the most [the claimant] can do despite [her] limitations" and should be assessed "based on all the relevant evidence in [the] case record."  20 C.F.R. § 404.1545(a)(1).  Determining a claimant's RFC begins with an assessment of his "impairment(s), and any related symptoms, such as pain, [which] may cause physical and mental limitations that affect what [the claimant] can do in a work setting."  *Id.*  This includes an evaluation of "statements about what [the claimant] can still do that have been provided by medical sources," as well as statements by the claimant or other persons which describe the claimant's "limitations from [her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain."  20 C.F.R. § 404.1545(a)(3).  So long as an ALJ's determination of disability is supported by substantial evidence in the record, the Court will affirm.  *See Her*, 203 F.3d at 389-90 (citing *Key*, 109 F.3d at 273).

Plaintiff Freeman's general assertion is that the ALJ made mistaken conclusions based on the evidence contained in the administrative record.  (*See generally id.* at 2-3).  Among these conclusions were that Plaintiff's actions were inconsistent with her testimony that she had debilitating impairments, that certain third-party and medical opinions were only entitled to partial or little weight, and the ALJ erred in failing to include a mental limitation in Plaintiff's RFC.  (*Id.*).  These three general conclusions will be

discussed in turn. However, for the reasons explained below, the Court finds that the ALJ's determination and explanation of Plaintiff's RFC and disability status was supported by substantial evidence, and therefore, remand is not appropriate.

### *1.    The ALJ's Credibility Determination*

Plaintiff first argues that the ALJ failed to properly consider Plaintiff's complaints of pain and its effect on her ability to perform past relevant work. (Doc. # 20 at 3-7). In evaluating complaints of pain, the ALJ should consider the claimant's symptoms and the extent to which they "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Importantly, "statements about [a claimant's] pain or other symptoms will not alone establish that [a claimant] is disabled." *Id.* Further, because "tolerance of pain is a highly individual matter[,] a determination of disability based on pain by necessity depends largely on the credibility of the claimant." *Houston v. Sec'y. of Health and Hum. Servs.*, 736 F.2d 365, 367 (6th Cir. 1984). However, the ALJ's assessment of credibility must be supported by the record, which could include reviewing "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

As explained by the ALJ, the ALJ is required to participate in a two-step analysis where it is first determined whether "there is an underlying medically determinable physical or mental impairment(s)," and then whether those impairment(s) "could reasonably be expected to produce the claimant's pain or other symptoms." (Tr. 27-28). After evaluating these impairments, the ALJ is required to "evaluate the intensity,

6

persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations." (Tr. 28). Here, the ALJ characterized Freeman's complaints as follows:

> The claimant alleges she is incapable of working due to various health concerns. She stated that she is most limited by her spinal pain. She explained that she had underwent a spinal fusion surgery in 1984 and experiences ongoing symptoms, which include back pain, numbness in her feet and bladder leakage incidents. She stated that she is not able to sit for more than 30 minutes at a time and that she is a candidate for decompression fusion surgery. The claimant stated that she could only walk about 30 yards before she experiences shortness of breath. She stated that she uses inhalers daily and continues to smoke half a pack of cigarettes daily. With regard to lupus, the claimant informed the Judge that she was diagnosed with it about 15 years ago but that the symptoms have gotten worse within the last five years. She elaborated by stating that this condition causes pain in her hands and wrists and flared by stress, fatigue, and sun exposure.

(*Id.*). After considering the evidence, the ALJ found that while Freeman's medically determinable impairments could cause the alleged symptoms, Freeman's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (*Id.*). In explaining this conclusion, the ALJ stated:

> The undersigned finds that the claimant's actions and testimony were not consistent with her allegations of debilitating impairments. Despite her allegations, the claimant testified that she performs various household chores, prepares meals and attends family members' extra-curricular activities. These activities undermine the claimant's allegations, because if experiencing pain, numbness, and shortness of breath, one would not likely engage in these types of activities. Moreover, the record, as well as claimant's testimony indicates that she continues to smoke cigarettes daily. This undermines the severity of the claimant's respiratory condition, as one would not continue to smoke daily or even regularly if experiencing significant breathing difficulties. Overall, these observations support the conclusion that the claimant is capable of performing more work-related activities than she alleged.

(*Id.*) (internal citations omitted).

In coming to this conclusion, Plaintiff argues that the ALJ "mischaracterized" Plaintiff's daily activities, while simultaneously ignoring Dr. West's reports of Plaintiff's pain complaints, thus failing to consider "other evidence" which supports Plaintiff's description of pain.  (Doc. # 20 at 5).  Plaintiff argues that even if she is able to perform some daily activities, such as cooking and some household chores, "[i]t is well settled that these types of sporadic activities do not reflect the ability to sustain full-time employment." (*Id.* at 7) (quoting *Lindsey v. Comm'r of Soc. Sec.*, No. 3:20-cv-1127, 2021 WL 4472211, at *6 (N.D. Ohio Sept. 30, 2021)).  While this is true, the court in *Lindsey* was dealing with a different scenario.  There, the ALJ considered activities of Plaintiff that only occurred on distinct occasions—"once going to with dinner an old friend, attending a single college basketball game, and once going on a trip to Columbus with her aunt and uncle."  *Id.* Here, the ALJ relied on Freeman's ability to perform household chores, prepare meals, and attend family extra-curricular activities, *on a regular basis*.  (*See* Tr. 28).  Within the Sixth Circuit, "household and social activities" may be considered when the ALJ "evaluat[es] complaints of disabling pain or other symptoms."  *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993).  Plaintiff's testimony illuminates that she is able to take care of her personal needs without assistance, perform some household chores such as washing dishes and dusting, and prepare easy dinners.  (Tr. 57).  The ALJ did not mischaracterize Plaintiff's abilities as all the information relied upon by the ALJ is found in Plaintiff's testimony.  As an ALJ's credibility determination is "entitled to considerable deference," it will not be second-guessed by this Court.  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 242 (6th Cir. 2002).

In that same vein, Plaintiff argues that the ALJ erred in failing to consider Plaintiff's "exemplary work history as a positive credibility factor." (Doc. # 20 at 13). In the context of determining the credibility of the claimant with regard to their symptoms, "other evidence" includes "information about [the claimant's] prior work record." 20 C.F.R. § 404.1529(c). However, as adeptly explained by the Sixth Circuit, "[w]hile it might be ideal for an ALJ to articulate his reasons" for a specific conclusion, "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 507-08 (6th Cir. 2006) (quoting *Loral Def. Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citations and internal quotation marks omitted)). While Plaintiff is correct that her work history bolstered her credibility, as discussed above, the ALJ appropriately articulated that Plaintiff's testimony was inconsistent with the medical record, and therefore lacked credibility. (Tr. 28). Once again, the Court may not second-guess credibility determinations by the ALJ, and therefore does not find any error. *See generally Howard*, 276 F.3d at 242.

Likewise, any argument that the ALJ's reliance on the "objective evidence to discredit Plaintiff's self-described limitations [was] not reasonable or logical" fails. (Doc. # 20 at 8). The ALJ adequately cited medical records, notes, and other evidence in support of his decision and explicitly took into account Freeman's severe impairments when determining the limitations on Freeman's RFC. (Tr. 28-29). In evaluating the objective evidence, the ALJ specifically addressed each of Freeman's severe

9

impairments and supported his conclusions with medical records. (*Id.*). For example, when discussing Freeman's lupus, the ALJ acknowledged the diagnosis but explained that during a 2017 examination, Freeman "demonstrated 5/5 grip strength with adequate fine motor movements, with dexterity and ability to grasp objects bilaterally." (Tr. 29) (citing Tr. 325). Even if other evidence points to a different conclusion, "the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her*, 203 F.3d at 390. All of the ALJ's other conclusions regarding Plaintiff's severe impairments are similarly supported by objective evidence and the ALJ's evaluation of Plaintiff's credibility as discussed above. The ALJ thus clearly evaluated Plaintiff's complaints of pain, but ultimately decided that they were inconsistent with the medical evidence in the record. *See Rogers*, 486 F.3d at 248 ("[c]onsistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.").

### 2. *Weight Attributed to Plaintiff's Treating Physician and Mother*

Plaintiff also finds issue with the ALJ's handling of a medical report by Freeman's treating physician, Dr. West. (Doc. # 20 at 10). It is Plaintiff's position that the ALJ was required to consider Dr. West's medical report as "other evidence" in evaluating Plaintiff's complaints of pain. (*Id.*). The Social Security Regulations, specifically 20 C.F.R. § 404.1529 provides that statements from medical sources about a claimant's "pain or other symptoms . . . [are] also an important indicator of the intensity and persistence of [a claimant's] symptoms." Dr. West's report indicated that "it is simply impossible for [Freeman] to work. Her pain is such that she has to have the capability of total freedom

10

of movement to get up and down, twisted her [body] or so whatever is necessary to relieve the chronic pain. At work. This is not a possibility." (Tr. 305). Certainly, a determination of whether a claimant is able to work is reserved for the Commissioner, and opinions by medical sources that a claimant is disabled are given no "special significance." 20 C.F.R. § 404.1527(d)(1); see *Quisenberry v. Comm'r of Soc. Sec.*, 757 Fed. App'x 422, 431 (6th Cir. 2018) (determining if a claimant is disabled is an issue reserved to the Commissioner). Similarly, "credibility determinations with respect to subjective complaints of pain rest with the ALJ." *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). Therefore, the ALJ was not required to adopt Dr. West's opinion that Plaintiff's pain prevented her from working.

So far as Plaintiff finds issue with the ALJ's failure to include in his opinion a recitation of Dr. West's report, this argument is unpersuasive. While the ALJ is required to "articulate how [the Commissioner] considered the medical opinions" supporting Plaintiff's claim, 20 C.F.R. § 404.1520c, the ALJ is not required to specifically "discuss every piece of evidence in the record for his decision to stand." *Remias v. Comm'r of Soc. Sec.*, No. 2:15-cv-2689, 2016 WL 4607324, at *2 (S.D. Ohio Sept. 6, 2016) (citing *Kornecky*, 167 Fed. App'x at 508). The ALJ may not ignore an opinion, but "his decision need only 'explain the consideration given to the treating source's opinion.'" *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010) (internal citations omitted). Moreover, "when a treating physician [] submits an opinion on an issue reserved for the Commissioner—such as whether the claimant is 'disabled' or 'unable to work'—the opinion is not entitled to any particular weight." *Id.* Here, the ALJ gave Dr. West's opinion

"little weight" because Dr. West opined on an issue reserved for the Commissioner. (Tr. 29). This was sufficient for the ALJ to comply with the relevant social security regulations.

Next, Plaintiff argues that the ALJ's analysis of a third-party statement from her mother, Verna Freeman, was inappropriate. (Doc. # 20 at 12). Plaintiff believes that the ALJ erred because he discounted Freeman's mother's opinion because it "does not set forth the detail, and standardized test results, one would expect in medical reports." (*Id.*) (citing Tr. 30). Plaintiff is correct that statements by a third-party are "other evidence" to be considered under 20 C.F.R. § 404.1529(c). Information from these types of sources help explain "the intensity and persistence of [a claimant's] symptoms." *Id.* Verna opined in her statement that "[a]t this time it is simply impossible for [Plaintiff] to work at all. (Tr. 222). Verna stated simply that Plaintiff's conditions cause her "pain" and prevent her from doing as much as she used to do. (Tr. 223-225). As for information about Plaintiff's abilities generally, Verna opined that Plaintiff's "spinal fusion effects [her] physical abilities and time restraint to complete these tasks." (Tr. 228).

In the ALJ's opinion, he decided to give Verna's statement "little weight" because "[t]his opinion does not set forth the detail and standardized test results one would expect in medical reports, and the Administrative Law Judge concludes that objective measures of function are better reflected in medical findings." (Tr. 30). However, the ALJ went on to say that he recognized Plaintiff's severe impairments may affect her abilities, but he "has adequately accommodated the effects of the impairments in the residual functional capacity." (*Id.*). In considering other evidence, the ALJ is only required to take into account "any symptom-related functional limitations and restrictions that [the claimant's] . . . nonmedical sources report" if they "can reasonably be accepted as consistent with

the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c). Ultimately, it is the ALJ's job to resolve conflicts in the evidence. *Cutlip*, 25 F.3d at 286. The ALJ therefore was justified in determining that Verna's opinion was not consistent with Freeman's medical records.[1]

### 3. *ALJ's Failure to Include a Mental Limitation in Freeman's RFC*

Finally, Plaintiff argues that the ALJ's failure to include a mental limitation in her RFC "precludes meaningful judicial review." (Doc. # 20 at 8). Plaintiff points out that the ALJ assigned partial weight to opinions provided by the state agency medical consultants. (*Id.*). However, the ALJ then failed to include any mental limitations in Plaintiff's RFC. (*See* Tr. 27). Plaintiff argues that this was a clear error, while the Commissioner contends that "an ALJ need only include limitations arising from an impairment if it affects a claimant's capacity to work." (Doc. # 23 at 12) (citing *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 426 (6th Cir. 2007)).

During Step Two of the ALJ's analysis, the ALJ is required to consider any mental impairments or limitations. 20 C.F.R. § 404.1520a. In this assessment, the ALJ must consider Plaintiff's ability to "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3). Here, the ALJ explained in detail his findings related to each one of these functional areas. (Tr. 26). Ultimately, the ALJ determined that Plaintiff's mental limitations were "mild" and therefore "nonsevere." (*Id.*) (citing 20 C.F.R. § 404.1520(d)(1)

---

[1] Even if the ALJ gave some weight or great weight to the third-party statement by Freeman's mother, it would not change the outcome of the ALJ's decision. A review of Verna's statement illustrates the inconsistency between Freeman's testimony and her ability to work. Verna opines that Freeman takes care of her children, drives herself to appointments, cooks, cleans, grooms herself, and takes care of pets. (Tr. 223-224). This largely reflects the ALJ's discussion of what work Freeman is able to perform.

13

("if [the ALJ] rate[s] the degrees of [the claimant's] limitation as 'none' or 'mild,' [the ALJ] will generally conclude that [the claimant's] impairment is not severe.").

Next, in determining Plaintiff's RFC, the ALJ must assess Plaintiff's "impairment(s), and any related symptoms, such as pain, [which] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). When evaluating mental limitations specifically, the ALJ will "assess the nature and extent of [the claimant's] mental limitations and restrictions and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(c). Here, the ALJ determined that the evidence of record only supported mild mental limitations:

> [T]he undersigned gives partial weight to the medical opinions provided by the state agency medical consultants. The evidence of record supports the mild mental limitations, as the claimant did not undergo significant mental health treatment. However, the light exertional limitations provided are inconsistent with the evidence of record, which support further restrictions.

(Tr. 29). The ALJ gives partial weight to the state agency medical consultants, relying on their opinions so far as they believe Plaintiff only has "mild mental limitations." (*Id.*). However, the consultants' opinions are only given partial weight because their recommendation for a light work RFC was inconsistent with the medical record. (*Id.*).

Mild mental limitations are generally considered not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1). In reviewing the opinions of the state agency medical consultants, it is clear that the ALJ's decision that Plaintiff's mild limitations have no impact on her ability to work is supported by substantial evidence. For example, in the initial review of Plaintiff's disability claim, state agency medical consultant Laura Cutler determined that Plaintiff's mental limitations "do not prevent the claimant

14

from performing basic work activities" and further observed that Plaintiff was "[a]ble to communicate with no deficits" and demonstrated "[g]ood insight and cognitive function per this limited examination." (Tr. 86). Similarly, on reconsideration, state agency medical consultant Jane Brake confirmed that there were "no . . . allegations of worsening mental limitations" and therefore "[t]he initial assessment by Dr. Cutler is affirmed." (Tr. 99). The ultimate RFC only includes "mental limitations that affect what [the claimant] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). As Plaintiff's mild limitations "do not prevent [her] from performing basic work activities," there was no reason that the ALJ was required to incorporate the mental limitations in Plaintiff's RFC. (Tr. 86); *see also* 20 C.F.R. § 404.1545(a)(1) ("[the claimant's] residual functional capacity is the most [the claimant] can still do despite [their] limitations"); *Griffeth*, 217 Fed. App'x at 429 (holding where a severe impairment "had little effect on [a claimant's] ability to perform basic work-related activities," it did not need to be included in the claimant's RFC). Ultimately, the ALJ's opinion regarding Plaintiff's RFC and disability status was supported by substantial evidence and therefore will be affirmed by this Court.

### III.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 19) is hereby **DENIED**;

(3) The Commissioner's Motion for Summary Judgment (Doc. # 23) is hereby **GRANTED**;

(4)  This civil action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5)  A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 6th day of July, 2022.

Signed By:
*David L. Bunning*  DB
United States District Judge